IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID JAY MORRIS,

        Petitioner,

v.                                                          No. CIV 07-1261 WJ/LFG

MIKE HEREDIA, Warden, and
GARY K. KING, Attorney General
for the State of New Mexico,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1.     This is a proceeding on a petition for writ of habeas corpus under 28 U.S.C. § 2254, filed December 13, 2007. [Doc. 1]. On March 5, 2008, Respondents filed their Answer, denying Petitioner David Jay Morris' ("Morris") claims and requesting, in part, that the petition be dismissed summarily because it is time-barred. [Doc. 9.]

2.     Morris currently is confined at the Southern New Mexico Correctional Facility in Las Cruces, New Mexico. [Doc. 1.]

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

3.     On May 10, 2004, Morris entered into a Repeat Offender Plea and Disposition Agreement (State v. Morris, CR 2004-0050, May 11, 2004). [Doc. 9, Ex. B.] He pled "no contest" to a number of forgery charges. [Doc. 9, Ex. B.] In exchange for the plea agreement, additional forgery charges were dismissed or not filed against Morris. On September 29, 2004, the Third District State Court entered a Judgment and Order Partially Suspending Sentence. [Doc. 9, Ex. A.] Morris was sentenced to a period of incarceration of 28 years but 12 of those years were suspended. Thus, Morris was to serve 16 years followed by a term of 2 years on parole. [Doc. 9, Ex. A, p. 2.]

4.     In his federal habeas petition [Doc. 1], Morris alleged ineffective assistance of counsel, failure to disclose evidence and improper use of perjured testimony by the prosecution, and unlawfully induced involuntary plea.

5.     Respondents agree that Morris exhausted all of the claims and that he has no available state court remedy. However, Respondents argue, *inter alia* that Morris's petition is time-barred because it was filed significantly outside the one-year limitation period provided by the Antiterrorism and Effective Death Penalty Act (AEDPA). Alternatively, Respondents assert that Morris did not show that the state proceedings either resulted in a decision that was contrary to, or involved an unreasonable application of, federal law as determined by the United States Supreme Court or, resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court proceedings. [Doc. 9, p. 5] (*citing* 28 U.S.C. § 2254(d)).

**Procedural History**

6.     The Court sets forth the following chronology in order to evaluate Respondents' argument that Morris's § 2254 petition was filed outside the one-year limitations period. The dates are taken from the pleadings attached to Respondents' Answer. [Doc. 9, Exhibits A-S.]

| | | |
|---|---|---|
| a. | September 29, 2004: | Sentence and Judgment filed. |
| b. | October 29, 2004: | 30-day deadline for appealing; none taken. |
| c. | December 29, 2004: | 90-day deadline for filing motion to modify sentence (NMRA, Rule 5-801(b)) |
| d. | January 25, 2005: | Motion for Reconsideration of Sentence (untimely) [Doc. 9, Ex. C.] |
| e. | February 16, 2005: | State Court Order denying Motion to Reconsider Sentence [Doc. 9, Ex. D.] |
| f. | Sept. 6, 2005: | Motion to Withdraw Plea [Doc. 9, Ex. E.] |
| g. | Nov. 14, 2005: | Court's Order denying motion to withdraw plea [Doc. 9, Ex. F] (notes that this motion is in the nature of a state habeas petition). |
| h. | December 2, 2005: | Petition for Writ of Certiorari [Doc. 9, Ex. G.] |
| i. | December 21, 2005: | New Mexico Supreme Court denied petition. |
| j. | May 12, 2006: | State habeas petition [Doc. 9, Ex. I] (might be viewed as second habeas petition). |
| k. | May 22, 2006: | State Court Order dismissing habeas petition. |
| l. | June 7, 2006: | Petition for Writ of Certiorari [Doc. 9, Ex. K.] |
| m. | June 15, 2006: | New Mexico Supreme Court denied petition. |
| n. | August 27, 2007: | State habeas petition [Doc. 9, Ex. M] (might be considered third state habeas petition). |
| o. | October 11, 2007: | State Court Order dismissing state habeas petition. [Doc. 9, Ex. N.] |
| p. | October 23, 2007: | Petition for Writ of Certiorari. [Doc. 9, Ex. O.] |
| q. | November 7, 2007: | New Mexico Supreme Court denied petition. |

r.      November 30, 2007:   Petition for Peremptory Writ of Mandamus seeking court to compel a motion for discovery filed in state court.  [Doc. 9, Ex. Q.]

s.      December 5, 2007:    New Mexico Supreme Court denied petition. [Doc. 9, Ex. R.]

t.      December 13, 2007:   Federal habeas petition filed.  [Doc. 1.]

### Analysis

7.  AEDPA, Pub. L. No. 104-132, § 101, 110 Stat. 1321 (codified at 28 U.S.C. § 2244(d)), amended federal habeas corpus procedures by adding a one-year limitations period for § 2254 petitions.  Pliler v. Ford, 542 U.S. 225, 230, 224 S.Ct. 2441, 2445 (2004).  AEDPA became effective on April 24, 1996.  *See* Rogers v. Gibson, 173 F.3d 1278, 1282 n. 1 (10th Cir. 1999), *cert. denied,* 528 U.S. 1120 (2000).  Morris was convicted and sentenced after this date, and his federal habeas petition is therefore subject to AEDPA's one-year limitation period.

8.  28 U.S.C. § 2244(d)(1)(A) provides that the one-year limitation period begins to run from the date on which the judgment of conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."

9.  The AEDPA one-year limitation period is subject to the tolling as set forth in 28 U.S.C. § 2244(d)(2): "[T]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  The Tenth Circuit has determined that the pendency of a state post-conviction application "encompass[es] all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies. . . ."  Barnett v. LeMaster, 167 F.3d 1321, 1323 (10th Cir.1999). "[R]egardless of whether

a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." Serrano v. Williams, 383 F.3d 1181, 1184 (10th Cir. 2004) (internal citation omitted) (emphasis in original).

10.     Rule 12-201(A)(2) of the New Mexico Rules of Appellate Procedure provides that parties must file an appeal within 30 days of a state district court's judgment. Holloway v. Hatch, 250 F. App'x 899, 900 (10th Cir. Oct. 12, 2007). Thus, Morris's judgment became final on October 29, 2004, thirty days after he could have appealed the sentence and judgment entered September 29, 2004. He then had one year from October 29, 2004, in which to file his federal habeas petition, subject to tolling.

12.     Although Morris did not file a direct appeal of the sentence and judgment, he did file a motion for reconsideration of his sentence. Under Tenth Circuit precedent, the statute of limitations to file a motion for federal habeas relief is tolled during the pendency of a properly filed motion to modify the sentence. Howard v. Ulibarri, 457 F.3d 1146, 1149-50 (10th Cir. 2006).     1 3 .

Here, Morris was permitted 90 days after entry of the judgment and sentence to file a motion to modify his sentence. NMRA, Rule 5-801(b). Thus, the motion was due no later than December 29, 2004. Morris did not file the motion until January 25, 2005, almost a month after the deadline. In denying Morris's motion for reconsideration of sentence, the state court observed that the 90-day time limit for filing such a motion had passed. Thus, the state court held that it did not have jurisdiction to set aside its judgment and sentence. In response to the merits of the motion, the court further observed that Morris had pled knowingly to the charges. [Doc. 9, Ex. D.]

14.     Because Morris failed to "properly file" the motion for reconsideration within the applicable 90-day deadline, the motion would not toll the one-year limitation period. However, even

5

giving Morris the benefit of the doubt that the 22 days between January 25, 2005 and February 16, 2005 are tolled, his federal habeas petition was not timely filed.

15.     The following time periods are counted against Morris's one-year limitations period:

*10/29/04 (sentence and judgment) to 1/25/05 (motion to modify) (87 days);*

*2/16/05 (order denying modification) to September 6, 2005[2] ((withdraw plea) (261 days);*

*12/21/05 (order denying petition for writ) to 5/12/06[3] (2nd state habeas petition) (141 days).*

At this point, Morris already had waited too long to file a timely federal habeas petition because well over 360 days had elapsed.  Moreover, instead of filing a federal habeas petition (*albeit* an untimely one at this time), Morris waited more than another year to file a third state court habeas petition on August 27, 2007.

16.     In sum, Lucero delayed well over the one-year limitation period before filing the federal habeas petition on December 13, 2007.  Accordingly, the Court finds that his federal habeas petition is untimely and barred by the AEDPA limitations period.

17.     Although Morris did not request that equitable tolling be applied to extend his limitations period, the Court determines that this case does not present the "rare and exceptional circumstances" that might warrant equitable tolling.  *See* York v. Galetka, 314 F.3d 522, 527 (10th Cir.2003) (recognizing equitable tolling only in "rare and exceptional circumstances.")  *See also,* Boyd v. Ward, 56 F. App'x 849, 851 (10th Cir. Dec. 12, 2002) (equitable tolling available only in

---

[2] On September 6, 2005, Morris filed a motion to withdraw plea.  In the state court's Order denying that motion, the court observed that the motion to withdraw plea was more in the nature of a request for state habeas relief.  Thus, this Court construes the September 6, 2005 motion as Morris's first state court motion for habeas relief and tolls the time from its filing to its resolution on December 21, 2005.

[3] On May 12, 2006, Morris filed what he characterizes as his first state habeas petition.  The Court considers it his second state habeas petition and tolls the period from May 12, 2006 until June 16, 2006.

6

"rare and exceptional circumstances" and where inmate "diligently pursued his claims and demonstrated that the failure to timely file was caused by extraordinary circumstances beyond his control") (internal citations omitted), *cert. denied,* 539 U.S. 917 (2003)).

18. Courts have applied equitable tolling when: (1) "a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent," (2) "an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing," or (3) "a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period...." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), *cert. denied,* 525 U.S. 891 (1998); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted).

19. To justify equitable tolling, Morris has the burden of demonstrating that his failure to timely file was caused by extraordinary circumstances that stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005). *See also* Marr, 141 F.3d at 978 (refusing to apply equitable tolling where petitioner provided no specificity regarding the steps he took to diligently pursue his federal claims).

20. Here, Morris did not satisfy his burden of demonstrating the "rare and exceptional circumstances" that warrant the application of equitable tolling. First, none of the three examples of "rare and exceptional circumstances" (set forth *supra*) have been demonstrated. Second, Morris did not show what steps he took to diligently pursue his federal habeas claim. *See* Marr, 141 F.3d at 978. His failure to do so is particularly damaging since he was not just days or months late in filing his federal habeas petition. He waited years to file the federal petition.

20. Even if Morris could show that equitable tolling applied and allowed the filing of the federal habeas petition, the Court concludes alternatively that Morris did not demonstrate that the

state court proceedings and rulings resulted in decisions that were contrary to, or involved an unreasonable application of federal law as determined by the United States Supreme Court. Morris also failed to demonstrate that the state court proceedings and rulings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court proceedings. 28 U.S.C. § 2254(d).

21.     For the reasons stated above, the Court finds that Morris's federal habeas petition is time-barred, that there are no grounds for equitable tolling, and alternatively, that Morris failed to present a federal constitutional violation in accordance with 28 U.S.C. § 2254(d).

### Recommended Disposition

That Morris's § 2254 Petition [Doc. 1] be denied and that the action be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge